UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC.
d/b/a LIVING ESSENTIALS,                          No. 08-15331

              Plaintiff,               District Judge Stephen J. Murphy, III

v.                                                Magistrate Judge R. Steven Whalen

MARTOON, LLC,

              Defendant.

_____ /

**REPORT AND RECOMMENDATION**

       Before the Court is Plaintiff's Motion for Entry of Judgment by Default [Doc.
#15], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §
636(b)(1)(B). For the reasons and under the terms that follow, I recommend that the
motion be GRANTED.

## I.   FACTS

       On December 31, 2008, the Plaintiff filed a civil complaint alleging trademark
infringement under the Lanham Act, 15 U.S.C. § 1114[1], with regard to its 5 HOUR
ENERGY® product, a 2-ounce liquid energy supplement. Plaintiff states that "[t]he 5
HOUR ENERGY® Trademark symbolizes business goodwill of Living Essentials, and is
an intangible asset of substantial commercial value." *Plaintiff's Motion*, p. 2. Plaintiff
seeks injunctive relief, along with costs and attorney fees. Plaintiff has waived its claim
for compensatory damages. *Id.*, p. 15.

---

[1] Plaintiff also brings claims for false designation and false advertising under 15
U.S.C. § 1125(a) (Count II) and common law trademark infringement (Count III).
Plaintiff seeks a default judgment only as to Count I (infringement) and Count II.
*Plaintiff's Motion*, p. 8.

Plaintiff alleges in its complaint that its trademark, 5 HOUR ENERGY®, "is inherently distinctive, and has further become distinctive through the acquisition of secondary meaning." *Complaint*, ¶ 12.  Sales of 5 HOUR ENERGY® products over the five years preceding the complaint have amounted to over $100 million dollars, and Plaintiff alleges that "marks and products associated with the 5 HOUR ENERGY® Trademark enjoy recognition and a famous reputation, and are recognized by the public as emanating from Living Essentials." *Id*., ¶ 13, 16.

Plaintiff alleges that Defendant has willfully, with actual knowledge of Living Essentials' mark, and without Plaintiff's consent, license or other authorization, marketed a two-ounce liquid energy supplement named 6 HOUR ENERGY, "that is confusingly similar and/or a colorable imitation of Living Essentials' 5 HOUR ENERGY® Trademark." *Id.,* ¶ 18-20. Plaintiff claims that as a result of Defendant's infringement, it has suffered, and will continue to suffer irreparable harm, and that it has no adequate remedy at law that will compensate if for that irreparable harm.  *Id.*, ¶ 25-26. Plaintiff further alleges that Defendant's use of 6 HOUR ENERGY will confuse, mislead or deceive customers and members of the consuming public, "and is likely to cause such people to believe in error that Defendant's products have been authorized, sponsored, approved, endorsed, or licensed by Living Essentials or that Defendant is in some way affiliated with Living Essentials or with the 5 HOUR ENERGY® brand." *Id.,* ¶ 30.

On January 11, 2010, the Court granted Plaintiff's motion for substituted service pursuant to Maryland Rule of Civil Procedure 2-124, authorizing service through the Maryland State Department of Assessments and Taxation (MSDAT) [Doc. #11]. Defendant was served, via MSDAT, on February 4, 2010, but has not, to date filed a responsive pleading. On June 25, 2010, a Clerk's Entry of Default was entered [Doc. #14].

## II.    STANDARD OF REVIEW

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). *See Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment"); *Hanner v. City of Dearborn Heights*, 2008 WL 2744860, *1 (E.D. Mich. 2008) ("In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a).").

Once a default has been entered by the Clerk, all of the plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). Under Rule 55(b)(2), a default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages.

## III.    DISCUSSION

A Clerk's Entry of Default has been requested and entered. Therefore, the Court may consider whether to grant a default judgment.

A claim for trademark infringement under 15 U.S.C. § 114 and a claim for false designation/false advertising under 15 U.S.C. § 1125(a) are assessed using the same factors, with the likelihood of confusion being the essence of both claims. *Wynn Oil Co. v. American Way Service Corp*., 943 F.2d 595, 604 (6th Cir. 1991). "In this circuit, equitable relief, such as a preliminary injunction, is available to a Lanham Act plaintiff upon demonstrating, at a minimum, a likelihood of confusion among consumers as to the origin of the goods and services provided by defendant resulting from the defendant's use of the disputed mark, as well as irreparable harm to the plaintiff's interests." *Frisch's*

*Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1264 (6ᵗʰ Cir.1985). In *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642, 647 (6th Cir. 1982), the Sixth Circuit described the eight relevant factors as follows:

(1) strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. Because the core issue is the likelihood of confusion of the two products, a plaintiff does not have to meet all of the factors, or even a majority of the eight factors. "These factors are simply a guide to help determine whether confusion would be likely to result from simultaneous use of the two contested marks. They imply no mathematical precision, and a plaintiff need not show that all, or even most, of the factors listed are present in any particular case to be successful. As we said in *Carson v. Here's Johnny Portable Toilets, Inc.,* 698 F.2d 831, 834 (6th Cir.1983), '[t]he general concept underlying likelihood of confusion is that the public believe that "the mark's owner sponsored or otherwise approved of the use of the trademark."' [citations omitted]." *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1186 (6ᵗʰ Cir.1988).

In its brief, the Plaintiff has discussed each of the eight factors in some detail, and having reviewed those arguments, as well as the exhibits submitted with the motion, I am persuaded that Plaintiff has established the elements of both an infringement claim and a false designation/false advertisement claim under the Lanham Act. Again, given the Clerk's Entry of Default, the facts as pled in the complaint are taken as true. Those facts show that 5 HOUR ENERGY® is an exceedingly strong mark, and that Living Essentials has reaped millions of dollars in sales using that mark. Indeed, the mark has acquired secondary meaning. *See* Plaintiff's Exhibits A, B and H. Further, the allegedly infringing product (" 6 HOUR ENERGY") and the Plaintiff's product are the same: both are two-

-4-

ounce liquid energy supplements aimed at the same market and sold at the same retailers[2]. The shape of the bottles is the same (compare Exhibit C and Exhibit H), and there is only a one-hour difference in the name, supporting an inference of probable consumer confusion.[3] Both sell for approximately three dollars, likely resulting in a relatively low degree of purchaser care. *See Specialty Brands, Inc. v. Coffee Bean Distributors, Inc.*, 748 F.2d 669, 672 (Fed.Cir. 1984) ("Both products are relatively inexpensive, comestible goods subject to frequent replacement. Purchasers of such products have been held to a lesser standard of purchasing care.").

In short, based on the facts in the complaint and in Plaintiff's exhibits, the likelihood of purchaser confusion is strong, as is the inference of intentionality and willfulness on the part of the Defendant. Plaintiff should therefore be given a default judgment

As to the remedy, Plaintiff has waived any claim for monetary damages, and seeks instead injunctive relief. *See Audi AG v. D'Amato*, 469 F.3d 534, 550-51 (6th Cir. 2006) ("Injunctive relief is the remedy of choice for trademark...cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement.").

Fed. R. Civ. P. 65(d). requires that an injunction shall be "specific in its terms" and shall "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."  Plaintiff has submitted a proposed default judgment containing the following terms:

---

[2] For example, both are sold at 7-Eleven stores. *See* Plaintiff's Exhibits I and J.

[3] Although in the case of 6 HOUR ENERGY, one might pause in buying an energy drink with a skull on the bottle. *See* Exhibit C.  Nevertheless, exact similarity is not required. *See Beer Nuts, Inc. v. Clover Club Foods Co.*, 805 F.2d 920, 926 (10th Cir. 1986) ("Although there are clearly differences between the marks, the phonetic and semantic similarities outweigh these differences.").

"Pursuant to Fed.R.Civ.P. 65, defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with defendant who receive actual notice of this permanent injunction, by personal service or otherwise, are permanently enjoined and restrained from:

(1) using the 6 HOUR ENERGY mark on its 2-ounce liquid energy supplements;

(2) imitating, copying, or making any unauthorized use of the 5 HOUR ENERGY® Trademark;

(3) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5 HOUR ENERGY® Trademark;

(4) using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5 HOUR ENERGY® Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(5) using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5 HOUR ENERGY® Trademark) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated or connected with Living Essentials, the 5 HOUR ENERGY® brand, or the 5 HOUR ENERGY® Trademark, or is sold, manufactured, licensed, sponsored approved or authorized by Living Essentials.

In addition, Plaintiff requests the following additional component of the proposed injunctive order:

-6-

"Defendant must deliver to Living Essentials for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using 6 HOUR ENERGY or any other simulation, reproduction, or colorable imitation of Living Essentials' 5 HOUR ENERGY® Trademark, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118."

And as well, the following component:

"Defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, must file with this Court, and serve upon Living Essentials' counsel withing thirty (30) days after entry of judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with the Court's judgment."

The above language is specific and detailed enough to satisfy Rule 65(d).

Finally, 15 U.S.C. § 1117(a) provides for attorney fees to the prevailing party, and such fees are available where the infringement is deliberate or willful. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002). Here, Defendant pled willfulness in its complaint, and that allegation is deemed admitted. As discussed above, the facts of this case, shown by both the complaint and the Plaintiff's exhibits, support a finding of willfulness. Therefore, Defendant should be awarded reasonable costs and attorney fees.

## IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Entry of Judgment by Default [Doc. #15] be GRANTED, that the default judgment grant injunctive relief as set forth above, and that Defendant be awarded reasonable costs and attorney fees.

-7-

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                    s/R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE
Date:  February 28, 2011
_____

### CERTIFICATE OF SERVICE

I hereby certify on February 28, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2011: **None.**

                                    s/Michael E. Lang
                                    Deputy Clerk to
                                    Magistrate Judge R. Steven Whalen
                                    (313) 234-5217