UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC, d/b/a
LIVING ESSENTIALS,                                          Case No. 08-cv-15331

      Plaintiff,                                                                         HONORABLE STEPHEN J. MURPHY, III

v.

MARTOON, LLC,

      Defendant.
                                        /

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(docket no. 17) **AND GRANTING LIVING ESSENTIALS'**
**MOTION FOR DEFAULT JUDGMENT** (docket no. 15)

      Living Essentials ("LE") manufactures and markets the two-ounce energy drink, "5 Hour Energy," across the United States. "5 Hour Energy" is a federally-registered trademark, and LE has expended significant funds to give the mark national commercial recognition. When LE discovered that a competitor, Martoon, LLC, ("Martoon") was marketing a very similar energy drink with the caption "6 Hour Energy" on its label, LE brought suit in this Court, seeking injunctive relief, along with costs and attorney's fees, for alleged trademark infringement and false advertising under the Lanham Act and Michigan common law.

      After LE discovered that the information for service of process provided in Martoon's disclosures to the state of Maryland were not accurate, the Court permitted LE to make alternative service on Martoon, and the complaint was served via the Maryland State Department of Assessments and Taxation on February 4, 2010. To date, Martoon has yet to enter an appearance or answer LE's complaint. Accordingly, LE successfully obtained a Clerk's Entry of Default on June 25, 2010, and made a motion for entry of a default

judgment on July 21, 2010. The Court referred the motion to a magistrate judge. On February 28, 2011, the magistrate judge filed a Report and Recommendation ("Report") urging the Court to grant the motion for a default judgment. Martoon did not make timely objections to the Report.

Review of decisions on dispositive motions made by a magistrate judge is governed by Fed. R. Civ. P. 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Since Martoon did not file objections to the Report, the Court is under no obligation to perform de novo review. Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, the district judge is entitled to review the Report and Recommendation on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

The Court has reviewed the Report, and finds that it is sound in its reasoning and conclusions. It will accordingly adopt the Report, and issue an appropriate judgment granting LE's requested relief.

**WHEREFORE**, it is hereby **ORDERED** that the Report (docket no. 17) is **ADOPTED**, and the motion for entry of a default judgment (docket no. 15) is **GRANTED**.

**SO ORDERED**.

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: March 21, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2011, by electronic and/or ordinary mail.

          s/Carol Cohron
          Case Manager